UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LaQuaiva Bowie and Florenio Aragon,<br><br>    Plaintiffs,<br>v.<br><br>Comcast Holdings Corporation; and DOES 1-10, inclusive,<br><br>    Defendants. | Civil Action No.: _____<br><br><br><br>COMPLAINT |

For this Complaint, the Plaintiffs, LaQuaiva Bowie and Florenio Aragon, by undersigned counsel, state as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiff, LaQuaiva Bowie ("Bowie"), is an adult individual residing in Jackson, Mississippi, and is a "person" as defined by 47 U.S.C. § 153(39).

4. The Plaintiff, Florenio Aragon ("Aragon" and with Bowie collectively referred to as "Plaintiffs"), is an adult individual residing in Albuquerque, New Mexico, and is a "person" as defined by 47 U.S.C. § 153(39).

5. The Defendant, Comcast Holdings Corporation ("Comcast"), is a Pennsylvania business entity with an address of 1701 John F. Kennedy Boulevard, Philadelphia, Pennsylvania 19103, and is a "person" as defined by 47 U.S.C. § 153(39).

6. Does 1-10 (the "Agents") are individual employees and/or agents employed by Comcast and whose identities are currently unknown to the Plaintiffs. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7. Comcast at all times acted by and through one or more of the Agents.

### FACTS AS TO BOWIE

8. Within the last year, Comcast began placing calls to Bowie's cellular telephone, number 769-xxx-6134.

9. Comcast placed calls to Bowie's cellular telephone using an automatic telephone dialing system ("ATDS").

10. When Bowie answered calls from Comcast, she heard brief silence or music after which the calls would disconnect.

11. On or around October 10, 2016, Bowie spoke with a live representative and requested that all calls to her cease.

12. Nevertheless, Comcast continued to place automated calls to Bowie's cellular telephone.

13. Comcast's calls directly interfered with Plaintiff's right to peacefully enjoy a service that Bowie paid for and caused Plaintiff a significant amount of anxiety, frustration and annoyance.

### FACTS AS TO ARAGON

14. Within the last year, Comcast contacted Aragon by placing calls to Aragon's cellular telephone 505-xxx-2439 using an automated telephone dialer system with an artificial or prerecorded voice.

15. Comcast left prerecorded messages on Aragon's cellular telephone.

16. On July 15, 2016, Aragon filled out a "Comcast Do Not Call For Any Reason" form and received a confirmation that his number had been added to the Comcast Internal Do Not Call List, stating that the calls would cease within 30 days.

17. Since August 15, 2016, despite being unequivocally advised by Aragon to stop calling, Comcast continued to place calls to Aragon's cellular telephone.

18. Comcast's calls directly interfered with Aragon's right to peacefully enjoy a service that Aragon paid for and caused Aragon a significant amount of anxiety, frustration and annoyance.

## COUNT I
## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *et. seq.*

19. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. At all times mentioned herein and within the last year, Defendants called Plaintiffs on their respective cellular telephones using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

21. Defendants continued to place calls to Plaintiffs' cellular telephones after being advised by Plaintiffs that they wanted all calls to cease. As such, each call placed to Plaintiffs was made in knowing and/or willful violation of the TCPA, and is subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

22. The telephone numbers called by Defendants were and are assigned to a cellular telephone service for which Plaintiffs incur charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

23. Plaintiffs were annoyed, harassed and inconvenienced by Defendants' continued calls.

24. The calls from Defendants to Plaintiffs were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

25. Plaintiffs are entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

26. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiffs are entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered against Defendants:

    A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

    B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

    C. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 14, 2017

                                                Respectfully submitted,

                                                By: *Jody Burton*

                                                Jody B. Burton, Esq.
                                                Bar No.: 71681
                                                LEMBERG LAW, L.L.C.
                                                43 Danbury Road, 3rd Floor
                                                Wilton, CT 06897
                                                Telephone: (203) 653-2250
                                                Facsimile:  (203) 653-3424
                                                Attorneys for Plaintiffs